IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. CCB-09-534 |
| RENAULT WATKINS | * | |

*******

## MEMORANDUM

Renault Watkins is a 58-year-old federal prisoner who is serving a 240-month sentence for drug trafficking. Watkins has served 134 months, over half of his sentence. Now pending is Watkins's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on underlying health conditions that make him particularly susceptible to serious illness related to COVID-19. (ECF 48, 52). The government opposes the motion. (ECF 56). For the reasons explained below, the motion will be granted and Watkins's sentence will be reduced to time served, followed by a five-year term of supervised release of which Watkins will serve 24 months on home confinement.

## BACKGROUND

In August of 2009, after obtaining a search and seizure warrant for Watkins's person, the Baltimore Police Department conducted a stop of Watkins's vehicle after Watkins entered and exited 3302 Hayward Avenue, a location where his vehicle had been observed on several prior occasions. Watkins's person and his vehicle were searched; police seized $4,312 and approximately 129 g of heroin. Police then secured a search warrant for 3302 Hayward Avenue, where they found 1580 g of heroin and $36,510 in cash. (ECF 23 at 4). In March 2010, Watkins pled guilty to possession with intent to distribute 1 kg or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1).

1

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]

On March 24, 2020, Watkins filed an administrative request for compassionate release to the warden of FCI Cumberland, where he is currently incarcerated. (*See* ECF 54 at 3). He has received no response to his request. (*Id.*) The government does not contest that Watkins's motion is properly

---

[1] 28 U.S.C. § 994(t), in turn, gives the United States Sentencing Commission the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

before the court, nor does the government contest that there are "extraordinary and compelling reasons" to reduce Watkins's sentence. (*See* ECF 56 at 1, 8–9).

Watkins is contending with several serious health conditions. He suffers from Type 2 diabetes with diabetic neuropathy. Watkins is also severely obese, with a BMI greater than 40, and has a history of smoking, chronic kidney disease, hypertension (high blood pressure), and hyperlipidemia (high cholesterol), among other conditions. (ECF 48-1 at 4, 7). His diabetic neuropathy has rendered him unable to walk without assistance. Watkins uses a wheelchair, or for short distances (e.g. from his wheelchair to a seated shower), a cane. (ECF 48-1 at 17). His neuropathy also causes chronic pain which is managed with medication. (ECF 54-1). The CDC has warned that individuals with type II diabetes, a history of smoking, obesity, or chronic kidney disease "are at increased risk of severe illness" from COVID-19, that individuals with hypertension "might be at an increased risk for severe illness" from COVID-19, and that "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020). Further compounding the risk to Watkins is his age, *see Coronavirus Disease 2019 (COVID-19): Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated Dec. 13, 2020) ("The risk for severe illness with COVID-19 increases with age[.] . . . For example, people in their 50s are at higher risk for severe illness than people in their 40s."), and the mere fact of his incarceration, *see, e.g.*, *Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."). The court thus agrees with the parties that Watkins's risk of severe illness from COVID-19 is an "extraordinary and compelling reason" to consider him for a reduction in sentence.

3

## DISCUSSION

Watkins's eligibility for compassionate release, however, does not guarantee relief. The court also must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A).

The government opposes Watkins's release under these factors largely on the basis that his criminal history "suggests a pattern of criminal activity that might resume if Watkins were released to the community." (ECF 56 at 12). Watkins's record is significant. It includes convictions of intent to injure with a deadly weapon and robbery with a deadly weapon, several convictions for the possession of either drugs or firearms, and a conviction for a third-degree sex offense. Without minimizing Watkins's prior criminal conduct, the court notes that the vast majority of Watkins's convictions, and all his convictions involving violence, occurred before he was 30, and the court considers this alongside Watkins's post-sentencing conduct, which "provides the most up-to-date-picture of [his] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). Watkins is now much older, 58, and will leave prison physically disabled. The government itself acknowledges that the age of Watkins's convictions, his own age, and his failing health reduce his danger to the public. (ECF 56 at 12). Additionally, Watkins has no noted disciplinary history in the BOP. At this point, he has demonstrated twenty-seven years of nonviolence. Watkins also appears to have maintained the support of family and friends during his incarceration. Upon his release from custody, he plans to live with a longtime friend in Baltimore, a plan which U.S. Probation has approved, and several friends and family members have written in support of his release (ECF 54-4). After reviewing his history, the court is persuaded that, particularly balanced against Watkins's very serious health conditions, releasing Watkins poses a minimal risk to the community and a sentence of time served is sufficient to provide just punishment for his offense and to deter further criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

4

Based on the above considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the court finds that the § 3553(a) factors weigh in favor of reducing Watkins's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This, combined with the "extraordinary and compelling" risk to Watkins of severe illness from COVID-19 should he remain in prison, leads the court to conclude that Watkins is entitled to compassionate release.

## CONCLUSION

For the foregoing reasons, Watkins's motion for compassionate release will be granted and his sentence will be reduced to time served. The associated motions to seal (ECFs 53, 55, 57, 59) are granted to protect the confidentiality of personal medical information.

The terms and conditions of supervised release to which Watkins was sentenced will remain in place, with the additional condition that Watkins will spend the first twenty-four months of supervised release on home confinement, to be monitored by U.S. Probation, using location monitoring technology at the discretion of the Probation Officer. For the twenty-four-month home confinement period, Watkins shall not leave the address approved by U.S. Probation except for activities approved in advance by U.S. Probation. In addition, he will be required to comply with all directives of federal, state, and local governments related to public health issues, including COVID-19. A separate order follows, which will be stayed for up to fourteen days to make appropriate travel arrangements and to ensure Watkins's safe release, including by placing Watkins in quarantine for a period of fourteen days and to evaluate him for the purposes of receiving a medical clearance.

1/19/2021
Date

   /S/
Catherine C. Blake
United States District Judge